

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

# FILED

DEC 0 5 2016

**Mark C. McCartt, Clerk**
**U.S. DISTRICT COURT**

(1) Doug Schwegman, d/b/a Schwegman Insurance and Financial Services

      Plaintiff,

  -against-

(1) CNA Financial Corporation and (2) Continental Casualty Company

      Defendants.

Civil Action No.

# 16 CV - 730 CVE - PJC

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Continental Casualty Company ("Continental") files this Notice of Removal. In support of this Notice of Removal, Continental states on knowledge, information, and belief:

1.   Plaintiff Doug Schwegman, d/b/a Schwegman Insurance and Financial Services brought this action against the Defendants Continental and CNA Financial Corporation ("CNAF") in the District Court of Washington County, Oklahoma, by filing a petition for breach of contract and breach of the duty of good faith and fair dealing on August 19, 2015 (the "Petition"), which was docketed as Case No. CJ-2015-00190. True and correct copies of the Petition and other papers delivered to Defendants Continental and CNAF as of this date of removal are attached as Exhibit 1. Defendants dispute whether Plaintiff has effectuated proper service of the Petition.

2.   The Defendants first received copies of the Petition on November 14, 2016.

3.   This is an insurance coverage action. Continental issued Policy No. 169741847 to Plaintiff for the policy period of February 1, 2013 to February 1, 2014 (the "Policy"). Subject to all of its terms, conditions, and exclusions, the Policy has a $5 million limit of liability. Plaintiff alleges that Continental wrongfully denied coverage under the Policy and owes Plaintiff a duty to



defend and indemnify Plaintiff with respect to a professional negligence lawsuit brought by Brook D. Trotter in the District Court of Washington County, Oklahoma, in which Mr. Trotter sought $960,000 in damages. Plaintiff alleges that Continental's denial of coverage constitutes a breach of the Policy and a breach of the duty of good faith and fair dealing. Plaintiff seeks actual and punitive damages against the Defendants "in an amount which is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code plus interest, attorney fees, costs, and all other relief which the Court deems just and proper."

4.      The basis for removal is diversity of citizenship jurisdiction.  Pursuant to 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over all civil actions in which the matter in controversy is in excess of $75,000, exclusive of interest and costs, and in which complete diversity exists between Plaintiff and both Defendants.

5.      There is complete diversity of citizenship in this case.  As set forth in the Complaint, Plaintiff is a resident of and conducts business in Washington County, Oklahoma. Defendant Continental is an Illinois corporation with its principal place of business in Chicago, Illinois.  Defendant CNAF is a Delaware corporation with its principal place of business in Chicago, Illinois. Accordingly, under 28 U.S.C. § 1332(c)(1), for these purposes, Defendants are citizens of Illinois, and CNAF is also a citizen of Delaware.

6.      The amount in controversy exceeds $75,000, exclusive of interest and costs.  As set forth in the Petition, Plaintiff "demands judgment against [the Defendants] in an amount which is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code plus interest, attorney fees, costs, and all other relief which the Court deems just and proper."  Thus, the jurisdictional amount required under 28 U.S.C. § 1332 is satisfied.

7.      This Notice of Removal is timely.  It has been filed with this Court within thirty days of the Defendants' receipt on November 14, 2016 "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), Defendants represent that apart from the Petition, they have received no other process, pleadings, motions or orders in this action.

8.      Defendant CNAF consents to this Notice of Removal as evidenced by the affidavit from its Assistant Secretary, David B. Lehman, which is attached as Exhibit 2.

9.      Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. § 1332(a)(1) and removal is proper pursuant to 28 U.S.C. § 1441(a).

10.     Pursuant to 28 U.S.C. § 1446, Continental is filing with this Notice of Removal a copy of all papers it has received in addition to the Petition, as well as a copy of the current docket.  Copies of all such papers are attached as Exhibit 1.

11.     A copy of this Notice of Removal will be served upon the Plaintiff and forwarded for filing with the Clerk of the District Court of Washington County, Oklahoma, to effect removal of this action to the United States District Court for the Northern District of Oklahoma.

THEREFORE, having established all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, Continental hereby removes this case to the United States District Court for the Northern District of Oklahoma.

December 5, 2016

Respectfully submitted,

_____

Roger N. Butler, Jr. OBA # 13668
Secrest Hill Butler & Secrest
7134 South Yale Suite 900
Tulsa, OK 74136-6360
Telephone: (918) 494-5905
Facsimile: (918) 494-2847
Email: RButler@secresthill.com

*Attorney for Defendant Continental
Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2016, I caused to be served by U.S. Mail and email the foregoing Notice of Consent to Remove on counsel of record listed below.

Kris Ted Ledford
OBA #17552
Ledford Law Firm
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

Bradford D. Barron
OBA #17571
Gibbon, Barron & Barron, PLLC
20 E. 5th Street, Suite 1000
Tulsa, OK 74103
Telephone: (918) 745-0687
Facsimile: (918) 745-0821
Email: bbarron@gbbfirm.com

# EXHIBIT

# 1

Case 4:16-cv-00730-CVE-FHM   Document 2 Filed in USDC ND/OK on 12/05/16   Page 7 of 48

"SCHWEGMAN, DOUG D/B/A vs. CNA FINANCIAL CORPORTATION " (CJ-2015-0...   Page 1 of 2

## Case Information

### SCHWEGMAN, DOUG D/B/A vs. CNA FINANCIAL CORPORTATION

| | |
|---|---|
| *Case Identifier* | Washington OK — CJ-2015-00190 |
| *Type of Case* | Civil Cases in which the relief sought exceeds $10,000 |
| *Date Filed* | 08/19/2015 |
| *Amount Owed* | $0.00 (as of 11/28/2016 11:47am) |

## Offense or Cause

# BREACH OF CONTRACT

## Parties Involved

| | |
|---|---|
| **Judge** | DELAPP, CURTIS L |
| **Plntf Atty.** | BARRON, BRADFORD D *of Tulsa OK* |
| **Plaintiff** | SCHWEGMAN, DOUG D/B/A |
| **Defendant** | CNA FINANCIAL CORPORTATION |
| **Plntf Atty.** | BARRON & BARRON PLLC *of Tulsa OK* |
| **Plaintiff** | SCHWEGMAN INSURANCE AND |
| **Defendant** | CONTINENTAL CASUALTY COMPANY |
| **Plntf Atty.** | LEDFORD, KRIS TED *of Owasso OK* |
| **Plaintiff** | FINANCIAL SERVICES |

## Case entries

| Date | Description | Amount |
|---|---|---|
| 08/19/2015 | FILE AND ENTER PETITION | $163.00 |
| | Oklahoma Court Information System Fee - Effective 07/01/04 | $25.00 |
| | (Entry with fee only) | $6.00 |
| | (Entry with fee only) | $2.00 |
| | Lengthy Trial Fund | $10.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| **Grand Total** | | **$233.70** |

Case 4:16-cv-00730-CVE-FHM   Document 2 Filed in USDC ND/OK on 12/05/16   Page 8 of 48

"SCHWEGMAN, DOUG D/B/A vs. CNA FINANCIAL CORPORTATION " (CJ-2015-0...   Page 2 of 2

| Date | Description | Amount |
|------|-------------|--------|
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| 11/07/2016 | SUMMONS, ISSUED (RET'D TO ATTY FOR SVC)(2 ORIG/2 NAMES)(JAD) | $20.00 |
| **Grand Total** | | **$233.70** |

## Receipts

| Date | Description | Amount |
|------|-------------|--------|
| 08/19/2015 | R1-416140AA BARRON & BARRON PLLC | $213.70 |
| 11/07/2016 | Receipt R1-436171 received of LEDFORD LAW FIRM | $20.00 |
| **Grand Total** | | **$233.70** |

*ano 1215*

## IN THE DISTRICT COURT OF WASHINGTON COUNTY
## STATE OF OKLAHOMA

DOUG SCHWEGMAN, d/b/a SCHWEGMAN
INSURANCE AND FINANCIAL SERVICES,

      Plaintiff,

v.

                Case No. CJ-2015-190

CNA FINANCIAL CORPORATION and
CONTINENTAL CASUALTY COMPANY,

      Defendants.

**Received Law Dept.**

**NOV 14 2016**

### SUMMONS

To the above named Defendant:   CNA Financial Corporation
                             333 S. Wabash Ave, Fl1
                             Chicago, IL 60604

      You have been sued by the above-named Plaintiff and you are directed to file a written Answer to the attached Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

      Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

      Issued this **7** day of November, 2016

                            Jill Spitzer - Court Clerk

                            By:___Jean Davis_____
                                      Deputy Court Clerk

(SEAL)

Attorney for Plaintiff:        KRIS TED LEDFORD
                             LEDFORD LAW FIRM
                             Heritage Professional Plaza
                             425 East 22nd Street, Suite 101
                             Owasso, OK  74055
                             Telephone:  (918) 376-4610

      This Summons was served on _____via certified mail.
                              (Date of Service)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

**IN THE DISTRICT COURT OF WASHINGTON COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT WASHINGTON CO OK
ILL L. SPITZER COURT CLERK

AUG 1 9 2015

BY _____ DEPUTY

FILED

DOUG SCHWEGMAN, d/b/a SCHWEGMAN
INSURANCE AND FINANCIAL SERVICES,

Plaintiff,

v.

CNA FINANCIAL CORPORATION and
CONTINENTAL CASUALTY COMPANY,

Defendants.

Case No. CJ-2015- 190

JURY TRIAL DEMANDED

## PETITION

Plaintiff, Doug Schwegman ("Mr. Schwegman"), for his cause of action against Defendants, CNA Financial Corporation and Continental Casualty Company, alleges and states as follows:

1.      Mr. Schwegman is a resident of and conducts business in Washington County, State of Oklahoma.

2.      Defendant, CNA Financial Corporation ("CNA"), is a corporation organized in the State of Delaware and conducts business in the State of Oklahoma.

3.      Defendant, Continental Casualty Company ("Continental"), is an insurance company organized in the State of Illinois and conducts business in the State of Oklahoma.

4.      Upon information and belief, Continental is a division or wholly owned subsidiary of CNA.

5.      The events on which this lawsuit is based occurred in Washington County, State of Oklahoma.

6.      Venue is proper in Washington County.

7.      At all times material hereto, Mr. Schwegman was insured by an insurance policy issued by Continental and/or CNA with the policy number 169741874.

8.      On November 16, 2012, Mr. Schwegman was sued by Brook D. Trotter ("Mr. Trotter") on various claims in the District Court of Washington County, State of Oklahoma.

9.      In June of 2013, Mr. Trotter provided verified Responses to Defendant's Second Set of Interrogatories wherein Mr. Trotter clearly stated that his claims against Mr. Schwegman included a claim for professional negligence arising out of Mr. Schwegman's alleged negligence in allowing Mr. Trotter's disability insurance policy to lapse. Mr. Trotter further revealed that he was seeking $960,000 in damages on the professional negligence claim.

10.     Although Mr. Schwegman disputed the validity of Mr. Trotter's professional negligence claim, Mr. Schwegman provided timely and proper written notice of Mr. Trotter's claim to Continental and/or CNA via letter dated July 12, 2013. Mr. Schwegman further provided Continental and/or CNA with Mr. Trotter's verified Responses to Defendant's Second Set of Interrogatories and directed Continental and/or CNA to the specific discovery response wherein the professional negligence claim was explained by Mr. Trotter.

11.     Via a six page letter dated August 23, 2013, Continental and/or CNA advised Mr. Schwegman that his claim was denied and that no defense or indemnity would be provided for the lawsuit filed by Mr. Trotter.

12.     Contrary to the denial, Continental and/or CNA owe a duty to defend Mr. Schwegman because the professional negligence claim is covered under his insurance policy. Because a portion of Mr. Trotter's claims are covered by Mr. Schwegman's insurance policy, Continental and/or CNA have a duty to defend the entire lawsuit filed by Mr. Trotter.

13.     Contrary to the denial, Continental and/or CNA owe a duty to indemnify Mr. Schwegman if any liability is imposed on him based on the professional negligence claim in Mr. Trotter's lawsuit.

14.     Because of the complete claim denial, Mr. Schwegman has been forced to pay for the entire defense of Mr. Trotter's lawsuit and suffered other damages associated with the actions of Continental and/or CNA.  Mr. Schwegman's damages are continuing because Mr. Trotter's lawsuit remains pending.

15.     Under the terms of his insurance policy, Mr. Schwegman was entitled to coverage for his claim based on Mr. Trotter's lawsuit.

16.     The actions of Continental and/or CNA in denying Mr. Schwegman's claim constitute a breach of the insurance policy.

17.     Continental and/or CNA had no reasonable basis for denying Mr. Schwegman's claim and refusing to defend him in Mr. Trotter's lawsuit.

18.     The actions by Continental and/or CNA in connection with the handling of Mr. Schwegman's claim constitute a breach of the duty of good faith and fair dealing implied in all insurance contracts.

19.     Mr. Schwegman has been damaged as a result of the tortious conduct by Continental and/or CNA.

20.     The actions by Continental and/or CNA in connection with the handling of Mr. Schwegman's claim were intentional, malicious, and in reckless disregard for the rights of others thereby warranting the imposition of punitive damages against Continental and/or CNA.

WHEREFORE, Mr. Schwegman demands judgment against Continental and/or CNA in an amount which is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code plus interest, attorney fees, costs, and all other relief which the Court deems just and proper.

3

Respectfully submitted,

_____
BRADFORD D. BARRON, OBA #17571
GIBBON, BARRON & BARRON, PLLC
20 E. 5th Street, Suite 1000
Tulsa, OK 74103
Telephone: (918) 745-0687
Facsimile: (918) 745-0821
Email: bbarron@gbbfirm.com

and

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorneys for Plaintiff*

ATTORNEY'S LIEN CLAIMED

4

IN THE DISTRICT COURT OF WASHINGTON COUNTY
STATE OF OKLAHOMA

DOUG SCHWEGMAN, d/b/a SCHWEGMAN
INSURANCE AND FINANCIAL SERVICES,

    Plaintiff,

v.

CNA FINANCIAL CORPORATION and
CONTINENTAL CASUALTY COMPANY,

    Defendants.

Case No. CJ-2015-190

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CNA FINANCIAL CORPORATION

Pursuant to 12 O.S. § 3234 of the Oklahoma Discovery Code, Plaintiff, Doug Schwegman ("Mr. Schwegman"), hereby serves Defendant, CNA Financial Corporation ("CNA"), with his First Set of Requests for Production. In accordance with the definitions and instructions set forth below, Defendant should produce all responsive documents and things in the possession, custody, or control of Defendant, or alternatively respond in writing as to why said documents cannot, should not, or will not be produced. Said production shall be made at the offices of Ledford Law Firm, 425 E. 22nd Street, Suite 101, Owasso, OK 74055 within forty-five (45) days from the date of service hereof.

## INSTRUCTIONS

1.     In producing documents and things responsive to these requests, identify the requests to which each produced document or thing is responsive. If a document or thing is responsive to more than one Request, each Request to which it is responsive should be identified.

2.     Documents from any single file should be produced in the same manner as they were found in such file.

3.     If copies of documents are produced in lieu of originals, copies should be legible and bound or stapled in the same manner as the originals.  Plaintiff will pay reasonable copying costs. Electronic production of documents via a CD is acceptable and preferable.

4.     If a document is withheld from production on grounds of privilege or work-product immunity, (i) identify the document with sufficient particularity to allow the matter to be brought before the Court, including a description of the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state, briefly the legal and factual basis for the claim of privilege or work-product immunity.

5.     If any document or thing requested herein was formerly in your possession, custody or control, and has been lost or destroyed, in lieu of production of such document, (i) identify the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state, to the extent possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction and the identity of the person(s) requesting and performing such destruction.

6.     A request for each document or thing that "refers," "relates," or is "relating" to a specified subject matter extends to each document that (i) constitutes, (ii) contains, (iii) supports, (iv) modifies, contradicts, criticizes, discusses, mentions or describes, (v) records, reports, reflects, relates to, or pertains to, (vi) was prepared in connection with, (vii) arises from, or (viii) is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on Defendant's behalf in relation to the subject matter specified.

2

7.     These are continuing Requests for Production.   If, after making your initial production, you obtain or become aware of any further documents or things responsive to this request, you are required to produce such additional documents or things to Plaintiff and to supplement your response and production pursuant to 12 O.S. § 3234.

## DEFINITIONS

1.     The term "DOCUMENT" or "DOCUMENTS" as used herein, means any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto and in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing notations, memoranda or other written information not on the original, including, but not limited to books, manuals, pamphlets, notebooks, correspondence, court or administrative agency orders, telegrams, notes, notes of tape or sound recordings of any type of telephone conversations or of meetings or conferences, notes of tape or sound recordings of any type of statement of witnesses or of your employees, agendas, minutes of meetings, memoranda, intra-office and inter-office communications, studies, analysis, results of investigations, reviews, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips, hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs worksheets or work-papers, or other materials, including all such information by your accountant or attorneys to you.  The term "document" or "documents" expressly includes all writings similar to any of the foregoing including e-mail or other such information located, contained, or stored on hard disks, floppy disks, hard drives or other computer related storage media, whether or not generated initially by

a computer related media. The term "document" or "documents" also includes maps, diagrams, photographs, videos, films, DVDs, and CDs.

2.      When used in these Discovery Requests, the terms "YOU" and "YOUR" are intended to and shall embrace and include the Defendant CNA and any other entity/person or entities/persons acting for or on CNA's behalf.

3.      "COMMUNICATION" means any oral, written, mechanical, electronic or other transmission of words, symbols, numbers or information, including, but not limited to, correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of meetings or of telephone conversations, e-mail, facsimile, teletype, telegram, or any other document that recorded or reflected any such communication.

4.      The word "PERSON" and "PERSONS" include, without limitation, individuals, associations, partnerships, and corporations.

5.      "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the individual request for documents, all documents which might otherwise be construed to be outside its scope.

6.      In construing these discovery requests, the singular shall include the plural and the plural shall include the singular. Any pronoun means the masculine, feminine and neuter gender and the singular or plural as in each case may be appropriate. The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside its scope.

7.      As used herein, the phrases "refer or relate to", "relating to", or "relative to" include relating to, referring to, alluding to, responding to, concerning, in connection with,

4

commenting on or in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

8.     As used herein, "Trotter Lawsuit" shall mean the lawsuit styled *Brooke D. Trotter v. Doug Schwegman d/b/a Schwegman Insurance and Financial Services*, Case No. CJ-2012-352 filed in the District Court of Washington County, State of Oklahoma.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all DOCUMENTS in the claim file for the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.  *See* definitions set forth above and note that this Request expressly includes any information stored electronically including any emails and/or electronic claim diaries.

**REQUEST FOR PRODUCTION NO. 2:** Produce all DOCUMENTS relating to the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** Produce all COMMUNICATIONS relating to the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**REQUEST FOR PRODUCTION NO. 4:** Produce all DOCUMENTS relating to any reports prepared by any experts on consultants in connection with the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.  This includes any DOCUMENTS provided to any expert or consultant and any DOCUMENTS received from any expert or consultant including any invoices.

**REQUEST FOR PRODUCTION NO. 5:** Produce all DOCUMENTS relating to the handling of claims which are contained in the personnel file(s) of any adjuster or claim representative who participated in the handling of the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.  This Request is limited to documents such as

5

performance reviews, write-ups, commendations, bonuses, and other documents which concern the handling of claims by these employees. Plaintiff is <u>not</u> seeking any documents relating to health insurance or any private health information of these employees. Plaintiff is agreeable to executing an appropriate protective order which allows for production of the requested documents but has reasonable protections for any private information of these employees.

**REQUEST FOR PRODUCTION NO. 6**: Produce all DOCUMENTS that serve as manuals or other training materials which have been provided to any adjuster or claim representative who participated in the handling of the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**REQUEST FOR PRODUCTION NO. 7**: Produce a certified copy of insurance policy # 169741874 which insures Mr. Schwegman.

**REQUEST FOR PRODUCTION NO. 8**: Produce the DOCUMENTS from which you determined YOUR net worth as stated in response to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 9**: Produce all DOCUMENTS relating to any affirmative defense raised in YOUR Answer.

**REQUEST FOR PRODUCTION NO. 10**: Produce all DOCUMENTS relating to any other defense YOU have in this lawsuit.

**REQUEST FOR PRODUCTION NO. 11**: Produce all exhibits YOU intend to introduce at the trial of this matter.

Respectfully submitted,

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

and

BRADFORD D. BARRON, OBA #17571
GIBBON, BARRON & BARRON, PLLC
20 E. 5th Street, Suite 1000
Tulsa, OK  74103
Telephone: (918) 745-0687
Facsimile: (918) 745-0821
Email: bbarron@gbbfirm.com

*Attorneys for Plaintiff*

7

IN THE DISTRICT COURT OF WASHINGTON COUNTY
STATE OF OKLAHOMA

DOUG SCHWEGMAN, d/b/a SCHWEGMAN
INSURANCE AND FINANCIAL SERVICES,

Plaintiff,

v.                                                    Case No. CJ-2015-190

CNA FINANCIAL CORPORATION and
CONTINENTAL CASUALTY COMPANY,

Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT CNA FINANCIAL CORPORATION

Pursuant to 12 O.S. § 3233 of the Oklahoma Discovery Code, Plaintiff, Doug
Schwegman ("Mr. Schwegman"), hereby serves Defendant, CNA Financial Corporation
("CNA"), with his First Set of Interrogatories to be answered in writing and under oath within
forty-five (45) days of the date of service.

## DEFINITIONS

1.      When used in these Discovery Requests, the terms "YOU" and "YOUR" are
intended to and shall embrace and include the Defendant CNA and any other entity/person or
entities/persons acting for or on CNA's behalf.

2.      The terms "allegation" and "allegations" shall mean and refer to allegations
contained in Plaintiff's Petition.

3.      "Person" shall refer to any natural person, firm, association, partnership,
corporation, or other form of legal business entity.

4.      "IDENTIFY" when used with respect to an individual means to state such
individual's name, last known address, and last known telephone number.

5.      "IDENTIFY" when used with respect to an organization (e.g., a corporation, partnership, or association) means to state the name of such organization, type of such organization, and the last known address and telephone number of its principal place of business.

6.      "IDENTIFY" when used with respect to a document means to describe such document with sufficient particularity in order to enable one to describe it adequately in a Request for Production of Documents. In lieu of such document identification, you may produce with your answers to these Interrogatories a legible copy of the document you are asked to identify, indicating the Interrogatory to which the document is responsive.

7.      These Interrogatories are continuing requests. Consequently, if any information you did not or could not provide for any reason is obtained, or if information formerly unknown to you is discovered which is covered by these Interrogatories, you should immediately prepare supplemental Interrogatory responses.

8.      The term "DOCUMENT" or "DOCUMENTS" as used herein, means any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto and in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing notations, memoranda or other written information not on the original, including, but not limited to books, manuals, pamphlets, notebooks, correspondence, court or administrative agency orders, telegrams, notes, notes of tape or sound recordings of any type of telephone conversations or of meetings or conferences, notes of tape or sound recordings of any type of statement of witnesses or of your employees, agendas, minutes of meetings, memoranda, intra-office and inter-office communications, studies, analysis, results of investigations, reviews, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips,

2

hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs worksheets or work-papers, or other materials, including all such information by your accountant or attorneys to you or papers or writings similar to any of the foregoing including the e-mail or other such information contained on hard disks, floppy disks or other computer related storage media, whether or not generated initially by a computer related media. The term "document" or "documents" also includes maps, diagrams, photographs, videos, films, DVDs, and CDs.

9.     As used herein, the phrases "relating to" or "relative to" include relating to, referring to, alluding to, responding to, concerning, in connection with, commenting on or in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

10.     "DESCRIBE" or "IDENTIFY" when used with respect to a statement or communication means to identify the person making the statement or communication, the date it was made, the person or persons to whom the communication was made and who witnessed the same, the contents of the communication and the place where it was made.

11.     "DESCRIBE" when used in connection with an act means to provide the identity of the actor, the specific nature of the act, the date and place of the act and the identities of the individuals present.

12.     "COMMUNICATION" means any oral, written, mechanical, electronic or other transmission of words, symbols, numbers or information, including, but not limited to, correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of

meetings or of telephone conversations, e-mail, facsimile, teletype, telegram, or any other document that recorded or reflected any such communication.

13.    The word "transaction" refers to any agreement, contract, promise, oral communication, exchange of assets, monies, services, labor, equipment, documents, or writings, sale, loan, gift, transfer, note, mortgage, security agreement, the conduct of any business negotiation, management, meeting, conference, function and any interaction between two or more persons by which one person can derive impressions or information from the conduct, condition, or language of the other, and vice versa, which did or did not change the condition, asset or knowledge of any person directly or indirectly involved.

14.    "And" or "or" shall be construed both disjunctively and conjunctively.

15.    In construing these discovery requests, the singular shall include the plural and the plural shall include the singular.  Any pronoun means the masculine, feminine and neuter gender and the singular or plural as in each case may be appropriate.  The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside its scope.

16.    As used herein, "Trotter Lawsuit" shall mean the lawsuit styled *Brooke D. Trotter v. Doug Schwegman d/b/a Schwegman Insurance and Financial Services*, Case No. CJ-2012-352 filed in the District Court of Washington County, State of Oklahoma.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**   IDENTIFY all DOCUMENTS relating to the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

4

**INTERROGATORY NO. 2**: IDENTIFY all persons who have any knowledge concerning the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**INTERROGATORY NO. 3**: IDENTIFY all persons who participated in the handling of the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**INTERROGATORY NO. 4**: IDENTIFY the supervisors of all persons who participated in the handling of the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit. State each person's title, how long they have worked for YOU, and identify each person from those listed in response to Interrogatory No. 3 whom they supervise.

**INTERROGATORY   NO. 5**: State your net worth and IDENTIFY the DOCUMENT(S) from which the stated figure was determined.

**INTERROGATORY NO. 6**: DESCRIBE in detail the complete factual basis for any affirmative defense raised in YOUR Answer.

**INTERROGATORY NO. 7**: IDENTIFY all of the individuals whom YOU intend to call as expert witnesses at the time of trial by listing their name, business address, telephone number and the following:

      (a)     the subject matter on which each expert witness is expected to testify;

      (b)     the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

      (c)     the qualifications of each expert, including a list of all publications authored by the expert witness within the preceding ten (10) years;

      (d)     the compensation to be paid to the expert witness for the testimony and preparation for the testimony; and

      (e)     a listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**INTERROGATORY NO. 8**:  IDENTIFY all persons YOU intend to call as witnesses at the trial of this matter and provide a summary of each person's anticipated testimony.

**INTERROGATORY NO. 9**:  IDENTIFY all DOCUMENTS YOU intend to use as exhibits at the trial of this matter.

Respectfully submitted,

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

and

BRADFORD D. BARRON, OBA #17571
GIBBON, BARRON & BARRON, PLLC
20 E. 5th Street, Suite 1000
Tulsa, OK  74103
Telephone: (918) 745-0687
Facsimile: (918) 745-0821
Email: bbarron@gbbfirm.com

*Attorneys for Plaintiff*

6

6

7014 3490 0001 1148 0755

CERTIFIED MAIL

**LEDFORD LAW FIRM**

Heritage Professional Plaza
425 East 22nd Street, Suite 101 • Owasso, OK 74055
Phone 918/376-4610 • Fax 918/376-4993

To:

CNA Financial Corporation
333 S. Wabash Ave, FL1
Chicago, IL 60604

Mail Investigator #1

NOV 14 2016

606043941S3 C0004







U.S. POSTAGE
PAID
OWASSO, OK.
74055
NOV 08, 16
AMOUNT
$7.10
R2304M115097-3
1000
60604

*an0l2/5*

## IN THE DISTRICT COURT OF WASHINGTON COUNTY
## STATE OF OKLAHOMA

DOUG SCHWEGMAN, d/b/a SCHWEGMAN
INSURANCE AND FINANCIAL SERVICES,

      Plaintiff,

v.

CNA FINANCIAL CORPORATION and
CONTINENTAL CASUALTY COMPANY,

      Defendants.

Case No. CJ-2015-190

**Received Law Dept.**

**NOV 14 2016**

### SUMMONS

To the above named Defendant:    Continental Casualty Company
333 S. Wabash Ave
Chicago, IL 60604

       You have been sued by the above-named Plaintiff and you are directed to file a written Answer to the attached Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service.  Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

       Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

       Issued this ⁀) day of November, 2016

                   Jill Spitzer - Court Clerk

                   By:___**Jean Davis**_____
                               Deputy Court Clerk

(SEAL)

Attorney for Plaintiff:        KRIS TED LEDFORD
                        LEDFORD LAW FIRM
                        Heritage Professional Plaza
                        425 East 22nd Street, Suite 101
                        Owasso, OK  74055
                        Telephone:  (918) 376-4610

      This Summons was served on _____via certified mail.
                              (Date of Service)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT OF WASHINGTON COUNTY
STATE OF OKLAHOMA

DOUG SCHWEGMAN, d/b/a SCHWEGMAN
INSURANCE AND FINANCIAL SERVICES,

Plaintiff,

v.                                                          Case No. CJ-2015- 190

CNA FINANCIAL CORPORATION and
CONTINENTAL CASUALTY COMPANY,

Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CONTINENTAL CASUALTY COMPANY

Pursuant to 12 O.S. § 3233 of the Oklahoma Discovery Code, Plaintiff, Doug Schwegman ("Mr. Schwegman"), hereby serves Defendant, Continental Casualty Company ("Continental"), with his First Set of Interrogatories to be answered in writing and under oath within forty-five (45) days of the date of service.

## DEFINITIONS

1.    When used in these Discovery Requests, the terms "YOU" and "YOUR" are intended to and shall embrace and include the Defendant Continental and any other entity/person or entities/persons acting for or on Continental's behalf.

2.    The terms "allegation" and "allegations" shall mean and refer to allegations contained in Plaintiff's Petition.

3.    "Person" shall refer to any natural person, firm, association, partnership, corporation, or other form of legal business entity.

4.    "IDENTIFY" when used with respect to an individual means to state such individual's name, last known address, and last known telephone number.

5.    "IDENTIFY" when used with respect to an organization (e.g., a corporation, partnership, or association) means to state the name of such organization, type of such organization, and the last known address and telephone number of its principal place of business.

6.    "IDENTIFY" when used with respect to a document means to describe such document with sufficient particularity in order to enable one to describe it adequately in a Request for Production of Documents. In lieu of such document identification, you may produce with your answers to these Interrogatories a legible copy of the document you are asked to identify, indicating the Interrogatory to which the document is responsive.

7.    These Interrogatories are continuing requests.  Consequently, if any information you did not or could not provide for any reason is obtained, or if information formerly unknown to you is discovered which is covered by these Interrogatories, you should immediately prepare supplemental Interrogatory responses.

8.    The term "DOCUMENT" or "DOCUMENTS" as used herein, means any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto and in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing notations, memoranda or other written information not on the original, including, but not limited to books, manuals, pamphlets, notebooks, correspondence, court or administrative agency orders, telegrams, notes, notes of tape or sound recordings of any type of telephone conversations or of meetings or conferences, notes of tape or sound recordings of any type of statement of witnesses or of your employees, agendas, minutes of meetings, memoranda, intra-office and inter-office communications, studies, analysis, results of investigations, reviews, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips,

2

hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs worksheets or work-papers, or other materials, including all such information by your accountant or attorneys to you or papers or writings similar to any of the foregoing including the e-mail or other such information contained on hard disks, floppy disks or other computer related storage media, whether or not generated initially by a computer related media. The term "document" or "documents" also includes maps, diagrams, photographs, videos, films, DVDs, and CDs.

9.     As used herein, the phrases "relating to" or "relative to" include relating to, referring to, alluding to, responding to, concerning, in connection with, commenting on or in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

10.     "DESCRIBE" or "IDENTIFY" when used with respect to a statement or communication means to identify the person making the statement or communication, the date it was made, the person or persons to whom the communication was made and who witnessed the same, the contents of the communication and the place where it was made.

11.     "DESCRIBE" when used in connection with an act means to provide the identity of the actor, the specific nature of the act, the date and place of the act and the identities of the individuals present.

12.     "COMMUNICATION" means any oral, written, mechanical, electronic or other transmission of words, symbols, numbers or information, including, but not limited to, correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of

3

meetings or of telephone conversations, e-mail, facsimile, teletype, telegram, or any other document that recorded or reflected any such communication.

13.     The word "transaction" refers to any agreement, contract, promise, oral communication, exchange of assets, monies, services, labor, equipment, documents, or writings, sale, loan, gift, transfer, note, mortgage, security agreement, the conduct of any business negotiation, management, meeting, conference, function and any interaction between two or more persons by which one person can derive impressions or information from the conduct, condition, or language of the other, and vice versa, which did or did not change the condition, asset or knowledge of any person directly or indirectly involved.

14.     "And" or "or" shall be construed both disjunctively and conjunctively.

15.     In construing these discovery requests, the singular shall include the plural and the plural shall include the singular.  Any pronoun means the masculine, feminine and neuter gender and the singular or plural as in each case may be appropriate.  The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside its scope.

16.     As used herein, "Trotter Lawsuit" shall mean the lawsuit styled *Brooke D. Trotter v. Doug Schwegman d/b/a Schwegman Insurance and Financial Services*, Case No. CJ-2012-352 filed in the District Court of Washington County, State of Oklahoma.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**:  IDENTIFY all DOCUMENTS relating to the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**INTERROGATORY NO. 2**: IDENTIFY all persons who have any knowledge concerning the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**INTERROGATORY NO. 3**: IDENTIFY all persons who participated in the handling of the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**INTERROGATORY NO. 4**: IDENTIFY the supervisors of all persons who participated in the handling of the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit. State each person's title, how long they have worked for YOU, and identify each person from those listed in response to Interrogatory No. 3 whom they supervise.

**INTERROGATORY   NO. 5**: State  your  net  worth  and  IDENTIFY  the DOCUMENT(S) from which the stated figure was determined.

**INTERROGATORY NO. 6**: DESCRIBE in detail the complete factual basis for any affirmative defense raised in YOUR Answer.

**INTERROGATORY NO. 7**: IDENTIFY all of the individuals whom YOU intend to call as expert witnesses at the time of trial by listing their name, business address, telephone number and the following:

      (a)     the subject matter on which each expert witness is expected to testify;

      (b)     the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

      (c)     the qualifications of each expert, including a list of all publications authored by the expert witness within the preceding ten (10) years;

      (d)     the compensation to be paid to the expert witness for the testimony and preparation for the testimony; and

      (e)     a listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**INTERROGATORY NO. 8**: IDENTIFY all persons YOU intend to call as witnesses at the trial of this matter and provide a summary of each person's anticipated testimony.

**INTERROGATORY NO. 9**: IDENTIFY all DOCUMENTS YOU intend to use as exhibits at the trial of this matter.

Respectfully submitted,

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

and

BRADFORD D. BARRON, OBA #17571
GIBBON, BARRON & BARRON, PLLC
20 E. 5th Street, Suite 1000
Tulsa, OK  74103
Telephone: (918) 745-0687
Facsimile: (918) 745-0821
Email: bbarron@gbbfirm.com

*Attorneys for Plaintiff*

S:\Schwegman Pleadings - bad faith suit-WORD 2015.7.8 P 1st Irrogs to D Continental.doc

## IN THE DISTRICT COURT OF WASHINGTON COUNTY
## STATE OF OKLAHOMA

DOUG SCHWEGMAN, d/b/a SCHWEGMAN
INSURANCE AND FINANCIAL SERVICES,

        Plaintiff,

v.

CNA FINANCIAL CORPORATION and
CONTINENTAL CASUALTY COMPANY,

        Defendants.

Case No. CJ-2015-190

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO
### DEFENDANT CONTINENTAL CASUALTY COMPANY

Pursuant to 12 O.S. § 3234 of the Oklahoma Discovery Code, Plaintiff, Doug Schwegman ("Mr. Schwegman"), hereby serves Defendant, Continental Casualty Company ("Continental"), with his First Set of Requests for Production. In accordance with the definitions and instructions set forth below, Defendant should produce all responsive documents and things in the possession, custody, or control of Defendant, or alternatively respond in writing as to why said documents cannot, should not, or will not be produced. Said production shall be made at the offices of Ledford Law Firm, 425 E. 22nd Street, Suite 101, Owasso, OK 74055 within forty-five (45) days from the date of service hereof.

### INSTRUCTIONS

1.      In producing documents and things responsive to these requests, identify the requests to which each produced document or thing is responsive. If a document or thing is responsive to more than one Request, each Request to which it is responsive should be identified.

2.      Documents from any single file should be produced in the same manner as they were found in such file.

3.   If copies of documents are produced in lieu of originals, copies should be legible and bound or stapled in the same manner as the originals.  Plaintiff will pay reasonable copying costs.  Electronic production of documents via a CD is acceptable and preferable.

4.   If a document is withheld from production on grounds of privilege or work-product immunity, (i) identify the document with sufficient particularity to allow the matter to be brought before the Court, including a description of the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state, briefly the legal and factual basis for the claim of privilege or work-product immunity.

5.   If any document or thing requested herein was formerly in your possession, custody or control, and has been lost or destroyed, in lieu of production of such document, (i) identify the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state, to the extent possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction and the identity of the person(s) requesting and performing such destruction.

6.   A request for each document or thing that "refers," "relates," or is "relating" to a specified subject matter extends to each document that (i) constitutes, (ii) contains, (iii) supports, (iv) modifies, contradicts, criticizes, discusses, mentions or describes, (v) records, reports, reflects, relates to, or pertains to, (vi) was prepared in connection with, (vii) arises from, or (viii) is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on Defendant's behalf in relation to the subject matter specified.

2

7.     These are continuing Requests for Production.   If, after making your initial production, you obtain or become aware of any further documents or things responsive to this request, you are required to produce such additional documents or things to Plaintiff and to supplement your response and production pursuant to 12 O.S. § 3234.

## DEFINITIONS

1.     The term "DOCUMENT" or "DOCUMENTS" as used herein, means any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto and in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing notations, memoranda or other written information not on the original, including, but not limited to books, manuals, pamphlets, notebooks, correspondence, court or administrative agency orders, telegrams, notes, notes of tape or sound recordings of any type of telephone conversations or of meetings or conferences, notes of tape or sound recordings of any type of statement of witnesses or of your employees, agendas, minutes of meetings, memoranda, intra-office and inter-office communications, studies, analysis, results of investigations, reviews, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips, hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs worksheets or work-papers, or other materials, including all such information by your accountant or attorneys to you.  The term "document" or "documents" expressly includes all writings similar to any of the foregoing including e-mail or other such information located, contained, or stored on hard disks, floppy disks, hard drives or other computer related storage media, whether or not generated initially by

3

a computer related media.  The term "document" or "documents" also includes maps, diagrams, photographs, videos, films, DVDs, and CDs.

2.     When used in these Discovery Requests, the terms "YOU" and "YOUR" are intended to and shall embrace and include the Defendant Continental and any other entity/person or entities/persons acting for or on Continental's behalf.

3.     "COMMUNICATION" means any oral, written, mechanical, electronic or other transmission of words, symbols, numbers or information, including, but not limited to, correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of meetings or of telephone conversations, e-mail, facsimile, teletype, telegram, or any other document that recorded or reflected any such communication.

4.     The word "PERSON" and "PERSONS" include, without limitation, individuals, associations, partnerships, and corporations.

5.     "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the individual request for documents, all documents which might otherwise be construed to be outside its scope.

6.     In construing these discovery requests, the singular shall include the plural and the plural shall include the singular.  Any pronoun means the masculine, feminine and neuter gender and the singular or plural as in each case may be appropriate.  The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside its scope.

7.     As used herein, the phrases "refer or relate to", "relating to", or "relative to" include relating to, referring to, alluding to, responding to, concerning, in connection with,

4

commenting on or in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

8.     As used herein, "Trotter Lawsuit" shall mean the lawsuit styled *Brooke D. Trotter v. Doug Schwegman d/b/a Schwegman Insurance and Financial Services*, Case No. CJ-2012-352 filed in the District Court of Washington County, State of Oklahoma.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all DOCUMENTS in the claim file for the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.  *See* definitions set forth above and note that this Request expressly includes any information stored electronically including any emails and/or electronic claim diaries.

**REQUEST FOR PRODUCTION NO. 2:** Produce all DOCUMENTS relating to the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**REQUEST FOR PRODUCTION NO. 3:** Produce all COMMUNICATIONS relating to the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**REQUEST FOR PRODUCTION NO. 4:** Produce all DOCUMENTS relating to any reports prepared by any experts on consultants in connection with the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.  This includes any DOCUMENTS provided to any expert or consultant and any DOCUMENTS received from any expert or consultant including any invoices.

**REQUEST FOR PRODUCTION NO. 5:** Produce all DOCUMENTS relating to the handling of claims which are contained in the personnel file(s) of any adjuster or claim representative who participated in the handling of the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.  This Request is limited to documents such as

performance reviews, write-ups, commendations, bonuses, and other documents which concern the handling of claims by these employees.  Plaintiff is <u>not</u> seeking any documents relating to health insurance or any private health information of these employees.  Plaintiff is agreeable to executing an appropriate protective order which allows for production of the requested documents but has reasonable protections for any private information of these employees.

**REQUEST FOR PRODUCTION NO. 6:** Produce all DOCUMENTS that serve as manuals or other training materials which have been provided to any adjuster or claim representative who participated in the handling of the insurance claim made by Mr. Schwegman in connection with the Trotter Lawsuit.

**REQUEST FOR PRODUCTION NO. 7:** Produce a certified copy of insurance policy # 169741874 which insures Mr. Schwegman.

**REQUEST FOR PRODUCTION NO. 8:** Produce the DOCUMENTS from which you determined YOUR net worth as stated in response to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 9:** Produce all DOCUMENTS relating to any affirmative defense raised in YOUR Answer.

**REQUEST FOR PRODUCTION NO. 10:** Produce all DOCUMENTS relating to any other defense YOU have in this lawsuit.

**REQUEST FOR PRODUCTION NO. 11:** Produce all exhibits YOU intend to introduce at the trial of this matter.

Respectfully submitted,

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

and

BRADFORD D. BARRON, OBA #17571
GIBBON, BARRON & BARRON, PLLC
20 E. 5th Street, Suite 1000
Tulsa, OK  74103
Telephone: (918) 745-0687
Facsimile: (918) 745-0821
Email: bbarron@gbbfirm.com

*Attorneys for Plaintiff*

S:\Schwegman Pleadings - bad faith case WORD 2015.7.8 P 1st RFPs to D Continental.doc

## IN THE DISTRICT COURT OF WASHINGTON COUNTY
### STATE OF OKLAHOMA

DISTRICT COURT WASHINGTON CO. OK
JILL L. SPITZER COURT CLERK

AUG 19 2015

BY _____ DEPUTY

FILED

DOUG SCHWEGMAN, d/b/a SCHWEGMAN
INSURANCE AND FINANCIAL SERVICES,

Plaintiff,

v.

CNA FINANCIAL CORPORATION and
CONTINENTAL CASUALTY COMPANY,

Defendants.

Case No. CJ-2015- 190

JURY TRIAL DEMANDED

### PETITION

Plaintiff, Doug Schwegman ("Mr. Schwegman"), for his cause of action against Defendants, CNA Financial Corporation and Continental Casualty Company, alleges and states as follows:

1.      Mr. Schwegman is a resident of and conducts business in Washington County, State of Oklahoma.

2.      Defendant, CNA Financial Corporation ("CNA"), is a corporation organized in the State of Delaware and conducts business in the State of Oklahoma.

3.      Defendant, Continental Casualty Company ("Continental"), is an insurance company organized in the State of Illinois and conducts business in the State of Oklahoma.

4.      Upon information and belief, Continental is a division or wholly owned subsidiary of CNA.

5.      The events on which this lawsuit is based occurred in Washington County, State of Oklahoma.

6.      Venue is proper in Washington County.

7.      At all times material hereto, Mr. Schwegman was insured by an insurance policy issued by Continental and/or CNA with the policy number 169741874.

8.      On November 16, 2012, Mr. Schwegman was sued by Brook D. Trotter ("Mr. Trotter") on various claims in the District Court of Washington County, State of Oklahoma.

9.      In June of 2013, Mr. Trotter provided verified Responses to Defendant's Second Set of Interrogatories wherein Mr. Trotter clearly stated that his claims against Mr. Schwegman included a claim for professional negligence arising out of Mr. Schwegman's alleged negligence in allowing Mr. Trotter's disability insurance policy to lapse. Mr. Trotter further revealed that he was seeking $960,000 in damages on the professional negligence claim.

10.     Although Mr. Schwegman disputed the validity of Mr. Trotter's professional negligence claim, Mr. Schwegman provided timely and proper written notice of Mr. Trotter's claim to Continental and/or CNA via letter dated July 12, 2013. Mr. Schwegman further provided Continental and/or CNA with Mr. Trotter's verified Responses to Defendant's Second Set of Interrogatories and directed Continental and/or CNA to the specific discovery response wherein the professional negligence claim was explained by Mr. Trotter.

11.     Via a six page letter dated August 23, 2013, Continental and/or CNA advised Mr. Schwegman that his claim was denied and that no defense or indemnity would be provided for the lawsuit filed by Mr. Trotter.

12.     Contrary to the denial, Continental and/or CNA owe a duty to defend Mr. Schwegman because the professional negligence claim is covered under his insurance policy. Because a portion of Mr. Trotter's claims are covered by Mr. Schwegman's insurance policy, Continental and/or CNA have a duty to defend the entire lawsuit filed by Mr. Trotter.

13.     Contrary to the denial, Continental and/or CNA owe a duty to indemnify Mr. Schwegman if any liability is imposed on him based on the professional negligence claim in Mr. Trotter's lawsuit.

14.     Because of the complete claim denial, Mr. Schwegman has been forced to pay for the entire defense of Mr. Trotter's lawsuit and suffered other damages associated with the actions of Continental and/or CNA.  Mr. Schwegman's damages are continuing because Mr. Trotter's lawsuit remains pending.

15.     Under the terms of his insurance policy, Mr. Schwegman was entitled to coverage for his claim based on Mr. Trotter's lawsuit.

16.     The actions of Continental and/or CNA in denying Mr. Schwegman's claim constitute a breach of the insurance policy.

17.     Continental and/or CNA had no reasonable basis for denying Mr. Schwegman's claim and refusing to defend him in Mr. Trotter's lawsuit.

18.     The actions by Continental and/or CNA in connection with the handling of Mr. Schwegman's claim constitute a breach of the duty of good faith and fair dealing implied in all insurance contracts.

19.     Mr. Schwegman has been damaged as a result of the tortious conduct by Continental and/or CNA.

20.     The actions by Continental and/or CNA in connection with the handling of Mr. Schwegman's claim were intentional, malicious, and in reckless disregard for the rights of others thereby warranting the imposition of punitive damages against Continental and/or CNA.

WHEREFORE, Mr. Schwegman demands judgment against Continental and/or CNA in an amount which is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code plus interest, attorney fees, costs, and all other relief which the Court deems just and proper.

3

Respectfully submitted,

BRADFORD D. BARRON, OBA #17571
GIBBON, BARRON & BARRON, PLLC
20 E. 5th Street, Suite 1000
Tulsa, OK  74103
Telephone: (918) 745-0687
Facsimile: (918) 745-0821
Email: bbarron@gbbfirm.com

and

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**



U.S. POSTAGE
PAID
OWASSO, OK
74055
NOV 08 16
AMOUNT
$7.10
R2304M115097-3

7014 3490 0001 1148 0762

**LEDFORD LAW FIRM**
Heritage Professional Plaza
425 East 22nd Street, Suite 101 • Owasso, OK 74055
Phone 918/376-4610 • Fax 918/376-4993

To:

**Continental Casualty Company**
333 S. Wabash Ave
Chicago, IL 60604

Mail Investigator # 1
NOV 14 2016

# UNITED STATES DISTRICT COURT
## DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUG SCHWEGMAN, d/b/a SCHWEGMAN INSURANCE AND FINANCIAL SERVICES, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   Civil Action No.: |
| CNA FINANCIAL CORPORATION and CONTINENTAL CASUALTY COMPANY | ) ) ) |
| Defendants. | ) |

## AFFIDAVIT OF CONSENT OF REMOVAL
## FOR CNA FINANCIAL CORPORATION

STATE OF ILLINOIS      )

COUNTY OF COOK      ) ss.:

Before me, the undersigned notary, on this day personally appeared David B. Lehman, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1.     My name is David B. Lehman. I am over eighteen (18) years of age and I am a resident of Illinois. I am an Assistant Secretary of CNA Financial Corporation ("CNA Financial").

2.     As Assistant Secretary of CNA Financial, I am duly authorized to consent to removal of a lawsuit from state court to federal court on behalf of CNA Financial.

3.     CNA Financial consents to the removal of this lawsuit from the District Court of Washington County, State of Oklahoma to this federal court, as set forth in the Notice of Removal filed by Continental Casualty Company.

**AFFIDAVIT OF DAVID B. LEHMAN**
**Page 1**

**EXHIBIT**
**2**

I declare under penalty of perjury that the foregoing is true and correct under the laws of Illinois.

David B. Lehman

Sworn to before me this

30th day of November, 2016

Notary Public

My commission expires *November 9, 2017*

```
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦
♦        "OFFICIAL SEAL"        ♦
♦     HAZEL M. WORTHAM      ♦
♦   Notary Public, State of Illinois  ♦
♦  My Commission Expires 11/09/17  ♦
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦
```

**AFFIDAVIT OF DAVID B. LEHMAN**
**Page 2**