UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUG SCHWEGMAN, d/b/a Schwegman Insurance and Financial Services, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 16-CV-0730-CVE-FHM |
| CONTINENTAL CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

### OPINION AND ORDER

Now before the Court is defendant Continental Casualty Company's motion to stay discovery (Dkt. # 25). Defendant asks the Court to stay discovery until resolution of its pending motion for summary judgment[1] (Dkt. # 18). Plaintiff responds that a stay of discovery is an extraordinary measure of relief and that defendant has failed to provide a compelling reason for its necessity. Dkt. # 28, at 1.

This case arises from an insurance coverage dispute. In 2012, plaintiff was sued by a former business partner, Brook Trotter. Dkt. # 2, at 11. At the time, plaintiff carried professional liability insurance issued by defendant, and in 2013, plaintiff filed a claim with defendant for coverage related to the Trotter lawsuit. Id. Defendant denied plaintiff's claim. Id. at 12. On August 19, 2015, plaintiff filed this suit, alleging that defendant breached the insurance policy by failing to defend and indemnify plaintiff in the Trotter lawsuit. Id. at 11-12. Plaintiff also alleges that defendant breached

---

[1] Defendant's motion (Dkt. # 18) was originally filed as a motion to dismiss. The parties' briefing presented matters outside the pleadings, and the Court determined that, under Federal Rule of Civil Procedure 12(d), the motion must be treated as one for summary judgment. Dkt. # 23.

its duty of good faith and fair dealing by unreasonably denying plaintiff's claim. Id. at 12. Defendant asserts that it correctly denied plaintiff's claim because the insurance policy does not cover the Trotter lawsuit. Dkt. # 18, at 2. Pending before the Court is a motion for summary judgment in which defendant argues that it is entitled to judgment as a matter of law because the insurance policy does not cover the Trotter lawsuit. Id. Defendant now asks the Court to stay discovery until that motion is resolved. Dkt. # 25.

It is within a district court's discretion whether to grant a motion to stay discovery pending the outcome of a dispositive motion. See Abdulhaseeb v. Calbone, 600 F.3d 1301, 1310 (10th Cir. 2010); Samson Res. Co. v. J. Aron & Co., No. 08-CV-752-TCK-SAJ, 2009 WL 1606564, at *1 (N.D. Okla. June 8, 2009). However, such stays should not be routinely granted. Samson, 2009 WL 1606564, at *1. "Discovery should be stayed pending the outcome of a summary judgment motion only if: (1) the pending motion is potentially dispositive of the entire case . . . ; and (2) the pending motion can be decided without additional discovery." Staten v. Del. Cnty., No. 04-CV-504-GFK-SAJ, 2007 WL 1201519, at *2 (N.D. Okla. Apr. 20, 2007) (quoting Moore's Federal Practice, § 26.105[3][c]). A stay of discovery until a pending dispositive motion is decided is especially appropriate "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." Wolf v. United States, 157 F.R.D. 494, 495 (D. Kan. 1994).

The key issue in this case is whether the insurance policy covers the Trotter lawsuit. The pending summary judgment motion (Dkt. # 18) concerns that issue, and it is possible that the Court's decision regarding the motion will dispose of the entire case. The summary judgment record

includes the insurance policy, state court filings from the Trotter lawsuit, and an affidavit from plaintiff. See Dkt. ### 18-2, 18-3, 18-4, and 22-1. The Court does not see the need for additional discovery to determine whether the insurance policy covers the Trotter lawsuit, and plaintiff does not assert that he needs additional discovery in order to respond to the pending motion. In this case, conducting discovery while the summary judgment motion is pending is likely to waste the resources of both parties. Therefore, a stay of discovery pending the outcome of defendant's motion for summary judgment (Dkt. # 18) is appropriate because the motion may dispose of the entire case, additional discovery is unnecessary to decide the motion, and discovery while the motion is pending would likely be wasteful.

**IT IS THEREFORE ORDERED** that defendant's motion to stay discovery (Dkt. # 25) is **granted**, and all discovery is stayed until the Court rules on defendant's motion for summary judgment (Dkt. # 18).

**DATED** this 21st day of February, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE